# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1009 | **DATE** | 3/15/2004 |
| **CASE TITLE** | WEST vs. CATTANEO, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for partial summary judgment [28-1] as to liability is granted on Count I and denied on Count II. Plaintiff's motion to strike and dismiss [38-1] is stricken because it was filed without leave of court. The joint final pretrial order and agreed pattern jury instructions shall be presented on April 16, 2004 at 9:00 a.m. Plaintiff's draft shall be submitted to defendants by April 6, 2004. Trial is set on April 26, 2004, at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 17 2004 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/15/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENTES WEST, )
 )
 Plaintiff, ) No. 03 C 1009
 )
v. ) Suzanne B. Conlon, Judge
 )
ROBERT CATTANEO, et al., )
 )
 Defendants. )

DOCKETED
MAR 1 7 2004

## MEMORANDUM OPINION AND ORDER

Kentes West ("West") sues Mark Hosey ("Hosey") and Robert Cattaneo ("Cattaneo") (collectively "defendants") under 42 U.S.C. § 1983. Specifically, he claims Hosey failed to protect him from assaults by his cellmate (Count I) and Cattaneo failed to provide him essential medical treatment (Count II). West moves for summary judgment as to liability on both claims.

## BACKGROUND

### I. Local Rule 56.1 Statement of Facts

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, and to submit a response to the other's statement of material facts. Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). The court, in its discretion, may deem facts admitted to the extent a party fails to support its responses with "specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Adams v. Cigna Group Ins. Life Accident Disability Co.*, No. 02 C 3044, 2004 WL 161483 at *1, fn.1 (N.D. Ill. Jan. 22, 2004).

1

Defendants' responses to West's Rule 56.1(a)(3) statement of material facts contain a vast number of improper assertions of a "lack knowledge or information sufficient to form a belief as to the truth of the averments." *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir. 1998) (response claiming insufficient information to "admit or deny" improper and constitutes an admission). Accordingly, the following paragraphs are treated as admissions: ¶¶ 6-11, 14-18, 26-30, 36-37, 40, 55-56, 71, 76. In addition, defendants' responses are often supported only by citation to defendants' answer to the complaint. *Washington v. MacNeal Hosp.*, No 97 C 6145, 2000 WL 1273452 at *1 (N.D.Ill. Sept. 6, 2000) (responses predicated on defendant's answer to amended complaint improper and treated as admissions). On that basis, the following paragraphs are deemed admissions: ¶¶ 44-48, 51, 57-60. Moreover, ¶¶ 19-25 are deemed admissions because they are based on the Counselor's Response to Committed Person's Grievance Report, which is unauthenticated and inadmissible hearsay. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) (evidence submitted at summary judgment must be admissible at trial under the Federal Rules of Evidence). Finally, the court notes that defendants' responses to ¶¶ 32, 39, 43, 49-50, 53, 70, 72-74 and 79 are either qualified admissions or denials lacking citation to supporting affidavit or document. Nevertheless, these paragraphs will not be treated as admitted because defendants' Local Rule 56.1(b)(3)(B) statement of additional facts and the supporting materials cited in defendants' responses to ¶¶ 31, 34-35, 38-39 and 42 provide sufficient support for these responses. *Adams*, 2004 WL 161483 at *1, fn.1 (court may use discretion in deciding whether to admit responses that lack citation to "specific references to the affidavits, parts of the record, and other supporting materials relied upon"); *Lambersky v. Petritis*, No. 01 C 3544, 2002 WL 1285883 (N.D.Ill. June 11, 2002)

2

(court may use discretion in deciding whether to deem admitted response that is the functional equivalent of a denial).

West's responses to defendants' 56.1(b)(3)(B) statement of additional facts challenge the admissibility of defendants' supporting materials. As discussed above, the Counselor's Response to Committed Person's Grievance Report is unauthenticated and inadmissible hearsay. *Woods*, 234 F.3d at 988. Accordingly, the court disregards ¶¶ 4-5. However, defendants' objection to ¶¶ 1-3 is rejected. The parties have stipulated that the Medical Progress Notes of July 17, 2001 are authentic and admissible under the Federal Rule of Evidence 803(6) exception to the hearsay rule. Rule 803(3) and (4) allow for the admissibility of statements in the Medical Progress Notes regarding then-existing physical conditions and/or medical diagnosis or treatment. Nevertheless, the court will not treat ¶ 3 as admitted because West claims he received no Tylenol in ¶¶ 53 and 60 of his Rule 56.1(a)(3) statement of facts. *Adams*, 2004 WL 161483 at * 1, fn. 1.

## II. Facts

All facts are undisputed unless otherwise noted. In 2001, West was an inmate at Stateville Correctional Center. Pl. Facts at ¶ 5. At that time, Hosey was responsible for cell assignments and transfers in his capacity as the facility's Housing Unit Superintendent, and Cattaneo was a medical technician for West's prison wing. *Id.* at ¶¶ 12, 31.

On July 8, 2001, West argued with his cellmate Spraggins over personal property he believed was missing. *Id.* at ¶ 6. They fought. *Id.* The next day West told prison guards Sandridge and Calmes of the fight. *Id.* at ¶¶ 7-9. West told Calmes he wanted to be moved to another cell for his safety. *Id.* at ¶ 10. Later that day, Calmes told West that Hosey had denied the request. *Id.* at ¶ 15. Spraggins then submitted a letter to Hosey through Calmes requesting that one of them be moved

3

to another cell. *Id.* at ¶ 17. On July 10, West and Spraggins approached Hosey to inquire about the letter and whether one of them would be transferred to another cell. *Id.* at ¶¶ 18-21. Hosey responded he would not move either of them. *Id.* at ¶ 22. Over the next few days, West continued to ask to be moved or otherwise separated from Spraggins. *Id.* at ¶ 25.

On July 16, at approximately 1:00 a.m., Spraggins attacked West. *Id.* at ¶ 26. In defending himself, West hit his hand against the wall. *Id.* at ¶ 28. This caused pain in West's hand, which became extremely swollen and turned colors. *Id.* at ¶¶ 29-30. He could not bend his hand. *Id.* at ¶ 29. According to West, he saw Cattaneo that morning and showed him the injury. *Id.* at ¶¶ 31-32. Cattaneo purportedly refused to treat the injury because West could not immediately produce his identification card. *Id.* at ¶¶ 33-35. West claims that Cattaneo told him to "catch" him the next day. *Id.* at ¶ 34. The pain worsened and prevented West from sleeping more than ten to fifteen minutes at a time. *Id.* at ¶¶ 36-37.

On July 17, Cattaneo examined West's hand. *Id.* at ¶ 41. According to West, the examination caused extreme pain. *Id.* at ¶ 43. West was purportedly unable to move his fingers or make a fist upon request. *Id.* at ¶ 42. Cattaneo refused West's requests for an x-ray and a doctor. *Id.* at ¶ 46-49. Instead, Cattaneo told West that he did not need an x-ray, that he only had "some torn tissues" and to "stop bullsh*tting." *Id.* at ¶¶ 44, 51. According to West, Cattaneo promised but failed to provide Tylenol that day. *Id.* at ¶¶ 51, 53. The pain became unbearable and extreme, and West remained unable to sleep for more than ten to fifteen minutes at a time. *Id.* at ¶¶ 55-56. On July 18, West did not receive any Tylenol. *Id.* at ¶ 60. Defendants readily admit that Cattaneo examined West's hand injury on July 17. Def. Facts at ¶ 1. However, they maintain the examination

4

merely revealed West injured his hand playing basketball, had slight pain, and was given Tylenol. Def. Facts at ¶¶ 2-3; Def. Resp. at ¶ 43.

On July 19, West was attacked again by Spraggins and two other inmates. Pl. Facts at ¶ 61. Prison guards intervened, placing all four inmates in the segregation unit. *Id.* at ¶¶ 62-64. While in segregation, West was examined by a medical technician. *Id.* at ¶ 65. West's hand was later x-rayed and determined to be broken. *Id.* at ¶¶ 66-68. Surgery was performed on July 26. *Id.* at ¶¶ 69-70. West claims "on information and belief that [his] fractures required the insertion of a metal piece, and four (4) screws to mend it." *Id.* at ¶ 71.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, "an Eighth Amendment violation exists only if 'deliberate indifference by prison officials effectively condones the attack by allowing it to happen.'" *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996) (quoting *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996)). Essentially, prison officials must be aware of facts from which an inference can be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Farmer*, 511 U.S. at 833; *Soto v. Johansen*, 137 F.3d 980, 981 (7th Cir. 1998). A prisoner typically shows actual knowledge of impending harm by demonstrating that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 91 (7th Cir. 1996) (quoting *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991), *cert. denied*, 503 U.S. 907 (1992)). West contends that summary judgment is appropriate as to liability because Hosey failed to protect him from Spraggins despite repeated, specific complaints, as required by the Eighth Amendment.

Defendants contend that West never complained about Spraggins. This contention must be rejected. Defendants fail to identify any admissible supporting evidence. Defendants rely on hearsay contained in a single inadmissible document to support their contention. The undisputed facts support the conclusion that Hosey was deliberately indifferent to West's repeated complaints regarding Spraggins' continuing threat to his safety. On July 9, West reported the physical altercation between himself and Spraggins to two prison officials and requested to be moved out of the cell for purposes of his safety. Calmes informed Hosey of West's request, but Hosey denied it. On July 10, West and Spraggins both reiterated the request, this time directly to Hosey. He again

denied the request. Over the next few days, West continued to request a cell transfer. He was not transferred. Ultimately, Spraggins attacked West on July 16 and 19. After the second attack, West was taken to the hospital to have surgery on his injured hand. Absent admissible evidence to the contrary, summary judgment as to liability on Count I must be granted.

### III. Failure to Provide Medical Care

Under the Eighth Amendment, prison officials have a duty to refrain from "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference is not synonymous with negligence or medical malpractice. *Id.* 106. Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Rather, only intentional or criminally reckless conduct is sufficient to show deliberate indifference. *Farmer*, 511 U.S. at 837; *Salazar v. City of Chicago*, 940 F.2d 233, 239-40 (7th Cir. 1991). West argues that summary judgment is warranted as to liability because Cattaneo failed to provide him with medical treatment or care in violation of the Eighth Amendment.

West maintains that he suffered from an excruciatingly painful broken hand that went untreated despite numerous complaints to Cattaneo. West emphasizes that surgery was ultimately necessary. Defendants dispute West's account. Defendants point to the Medical Progress notes for July 17, indicating that at the time of examination, West had only slight pain occasioned by a basketball injury and was given Tylenol. Drawing all reasonable inferences in Cattaneo's favor, a genuine issue of material fact exists as to whether Cattaneo was deliberately indifferent to West's medical needs. Accordingly, summary judgment as to liability on Count II is denied.

## CONCLUSION

West is entitled to judgment as a matter of law as to liability on Count I. A genuine issue of material fact precludes summary judgment as to liability on Count II.

March 15, 2004                                   ENTER:

*(signature)*
Suzanne B. Conlon
United States District Judge